UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JANET A. JERUS,<br>        Plaintiff,<br>    v.<br>HONDA CORPORATION, et al.,<br>        Defendants. | Case No. 5:20-cv-01931-EJD<br><br>**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>Re: Dkt. Nos. 6, 14 |

Plaintiff, proceeding pro per, filed the instant action against Honda Corporation and others on March 18, 2020 and paid the filing fee. Dkt. No. 1. Plaintiff indicated in the Civil Cover Sheet that jurisdiction is predicated upon a federal question and that she is asserting a civil rights claim for "discrimination, socialism, communism, etc." Dkt. No. 1-5. Defendants Santa Clara Imported Cars, Inc. dba Honda of Stevens Creek and Joseph Spurrier (collectively "Defendants") move to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court finds it appropriate to take this matter under submission for decision without oral argument pursuant to Civil Local Rule 7-1(b). For the reasons stated below, Defendants' motion is granted.

**I.      BACKGROUND**

The allegations in Plaintiff's Complaint are difficult to understand. It appears that Plaintiff owns or owned a 1995 Honda Civic. Dkt. 1 at 1. Defendants allegedly replaced the new alternator in her Civic with an old alternator and switched twelve engine screws, which caused her car to break down. Dkt. 1 at 1-2.

Plaintiff also appears to have purchased a used 2001 Honda Accord from Defendants. Dkt. No. 1-2 at 1. Plaintiff alleges that at the time of purchase a salesman named Mike told her there

1  was an oil leak in the coolant system but he did not know the source of the leak. *Id*. Nevertheless,
2  Plaintiff was willing to purchase the Accord because she believed it was certified and guaranteed
3  to be operable for 3 months or 90 days from the date of purchase. *Id.* at 2. After Plaintiff had
4  given the salesman a certified check, she was presented with purchase documents for her
5  signature. *Id*. at 3. Although Plaintiff was not allowed to read the documents, she realized that the
6  Accord was being sold "as is." *Id*. at 3-4. Plaintiff was taken to a private office and locked in. *Id*.
7  at 3. A man whom Plaintiff believed was a financial officer took her hand and forced her to sign
8  the purchase agreement against her will. *Id*. at 3. Plaintiff or her "ghost-like friend" ripped up the
9  papers. *Id*. at 4. Ultimately, Plaintiff signed the purchase agreement "under duress." *Id*. Plaintiff
10 called the police to the dealership. *Id*. The financial officer told the police it was the dealership's
11 policy to offer everyone a three month or 90 day guarantee that the car would be operable. *Id*.
12 The salesman, Mike, eventually returned the purchase agreement documents to Plaintiff and "the
13 'as is' paper was destroyed." *Id*. at 5.

14 Shortly after the purchase, Plaintiff returned to the dealership to have the Accord serviced
15 and was told there was an oil leak coming from the coolant system. *Id*. Later, the Accord broke
16 down. *Id*. at 6. The Accord needed a new coolant system, a new head gasket and engine block.
17 Dkt. No. 1 at 3-4. When Plaintiff complained to Honda about the Accord, she was thrown off the
18 Honda "campus" and told to never come back. *Id*. at 4. The Accord was eventually repaired by
19 Plaintiff's mechanic. Dkt. No. 14 at 12. Plaintiff wants Defendants to pay the repair bills. *Id*.

20 Plaintiff also alleges that Defendant Joe Spurrier, the General Manager of the Honda
21 dealership, is a "mafia ringleader" of a "sex-gang" of "hoodlum men" who forced her to enter an
22 "illegal contract" and committed "many gross, culpable, aggravated sexual incidents," "murderous
23 acts," "illegal seizures" and extortion. Dkt. No. 1 at 1-2. Plaintiff also alleges that her car was
24 seized illegally. *Id*.

25 **II.     STANDARDS**

26 Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient
27 specificity "to give the defendant fair notice of what the . . . claim is and the grounds upon which
28 Case No.: 5:20-cv-01931-EJD
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND
2

United States District Court
Northern District of California

it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted.  Fed.R.Civ.P. 12(b)(6).

When deciding whether to grant a motion to dismiss under Rule 12(b)(6), the court must generally accept as true all "well-pleaded factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009).  The court must also construe the alleged facts in the light most favorable to the plaintiff. *See Retail Prop. Trust v. United Bhd. Of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014) (providing the court must "draw all reasonable inferences in favor of the nonmoving party" for a Rule 12(b)(6) motion).  The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Dismissal "is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

Pro se pleadings must be construed liberally. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000).  The court, however, "need not give a plaintiff the benefit of every conceivable doubt" but "is required only to draw every reasonable or warranted factual inference in the plaintiff's favor." *McKinney v. De Bord*, 507 F.2d 501, 504 (9th Cir. 1974).  The court "should use common sense in interpreting the frequently diffuse pleadings of pro se complainants." *Id.*  A pro se complaint should not be dismissed unless the court finds it "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines v. Kerner*, 404 U.S. 519, 521 (1972).

**III.   DISCUSSION**

Apart from the allegations regarding the purchase of the Accord,[1] the vast majority of allegations set forth in the Complaint are disjointed, incomprehensible, irrational or wholly incredible.  There are references to a kidnapping for sex; extortion of money from Plaintiff's Holy

---

[1] The purchase of the Accord appears to have been the subject of a lawsuit in small claims court, case number 20SC082033. *See* Dkt. No. 1-1 at 2 and Dkt. No. 14 at 5.

Case No.:   5:20-cv-01931-EJD
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND

3

1  Spirit Ministry; "spiritual planes"; the King James Bible; the Fifth Amendment; and the freedom
2  to worship God.  Dkt. No. 1 at 2-3  Plaintiff alleges that Defendants violated federal laws enacted
3  by former President Obama prohibiting the use or exploitation of Plaintiff's "spiritual planes" (1)
4  to "extort sex" from Plaintiff against her will; (2) to launder Plaintiff's money; and (3) to drug
5  Plaintiff and place her in a mental ward for shock treatments.  *Id*. at 2.  There are also references to
6  forgeries, an illegal contract, a forced confession, "ghost tapes" on police reports, ambulance
7  reports and a hate crime.  *Id*.  These allegations fail to give Defendants "fair notice" of Plaintiff's
8  claims as is required by Rule 8.

Moreover, the allegations in the Complaint do not support a civil rights claim against Defendants.  Title 42 United States Codes § 1983 "provides remedies for deprivations of rights under the Constitution and law of the United States when the deprivation takes place under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory."  *Caviness v. Horizon Cmty. Learning Ctr., Inc.*, 590 F.3d 806, 812 (9th Cir. 2010) (quoting *Gorenc v. Salt River Project Agric. Improvement & Power Dist.,* 869 F.2d 503, 505 (9th Cir. 1989)).  To state a claim under §1983 against a private entity or person such as Defendants, a plaintiff must allege facts to show that the private entity or person acted under "color of law."  *Adickes v. S. H. Kress & Co.* (1970) 398 U.S. 144, 150.  "State officials acting in their official capacities generally are held to act under color of law."  *Gozzi v. Cty. of Monterey*, 14-3297 LHK, 2014 WL 6988632, at *11 (N.D. Cal. Dec. 10, 2014).  Private actors, however, do not act under "color of law."  *Id*.; *see also Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 922 (9th Cir. 2011) ("We start with the presumption that conduct by private actors is not state action"); *Dominguez v. Varnell*, No. 17-2652 KAW, 2017 WL 7243596, at * 1 (N.D. Cal. Nov. 1, 2017)) (stating that private individuals and entities, not affiliated with a state or municipal government, are generally presumed to not be acting under color of state law); *Gernard v. Cty. of Sonoma*, 92-4617 BAC, 1994 WL 412432, at *3 (N.D. Cal. June 29, 1994) (stating that private citizen does not act under color of law).  "The state-action element in § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful."  *Caviness*, 590 F.3d at 812 (quotations and citation omitted).

Case No.: 5:20-cv-01931-EJD
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND
4

"[C]onstitutional standards are invoked only when it can be said that the State is *responsible* for the specific conduct of which the plaintiff complains." *Naoko Ohno v. Yuko Yasuma*, 723 F.3d 984, 994 (9th Cir. 2013) (emphasis in original).

Here, Defendants are a private citizen and private entity. Neither Defendant is alleged to be a state actor. Nor are there allegations that Defendants' conduct is attributable to any government entity. Thus, the Complaint does not plead a viable civil rights claim.

## IV.   CONCLUSION

Defendants' motion to dismiss is GRANTED. Plaintiff may file an amended complaint against the original Defendants only no later than August 7, 2020.

**IT IS SO ORDERED.**

Dated: July 13, 2020

EDWARD J. DAVILA
United States District Judge

Case No.: 5:20-cv-01931-EJD
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND
5